**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| BMO BANK N.A., | ) |
| | ) |
| Plaintiff, | ) |
| v. | )   No. 4:24-cv-01267-SEP |
| | ) |
| ANGIE'S TRANSPORTATION, et al, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Before the Court are Plaintiff BMO Bank N.A.'s Motion for Summary Judgment on Count III against Defendant Angelina Twardawa, Doc. [23], and Renewed Motion for Preliminary Injunction and an Order of Replevin, Doc. [28].  For the reasons set forth below, the Motion for Summary Judgment is granted and the Renewed Motion for Preliminary Injunction and an Order of Replevin is denied.

**FACTS AND BACKGROUND[1]**

Plaintiff BMO Bank N.A. is a national banking association headquartered in Chicago, Illinois.  Doc. [25] ¶ 1.  Defendants Angie's Transportation, LLC, and STL Equipment Leasing Co., LLC (collectively "the Borrowers") are limited liability companies organized under Missouri law, with their principal places of business in St. Louis, Missouri.  *Id.* ¶¶ 2-3.  Defendant Angelina Twardawa, a Missouri citizen, is the sole member of the Borrowers.  *Id.* ¶¶ 2-4.  Between December 31, 2018, and September 24, 2021, Plaintiff entered into four substantively identical "Loan and Security Agreements" ("the Agreements") with the Borrowers, two with Angie's Transportation and two with STL Equipment Leasing.  *Id.* ¶¶ 10-13.  In each agreement, Plaintiff agreed to lend the Borrowers money for the purpose

---

[1] The following facts are taken from Plaintiff's "Statement of Uncontroverted Material Facts," filed pursuant to Federal Rule of Civil Procedure 56(c)(1) and Local Rule 4.01(E).  Doc. [25].  Because Defendant did not file a response to Plaintiff's statement of material facts, the facts are deemed undisputed.  *See* FED. R. CIV. P. 56(e)(2).

of purchasing trucks, vans, and refrigerated vans ("the Equipment"). Docs. [1-1], [1-2], [1-3], [1-4].[2] In each Agreement, the Borrowers granted Plaintiff a:

> first priority security interest in the Equipment to secure (a) payment of the Total Amount and all other obligations of [the Borrowers] to [Plaintiff] under this Agreement, (b) the payment and performance of all other debts, liabilities, and obligations of [the Borrowers] of every kind and character, whether now existing or hereafter arising, to [Plaintiff], whether under this Agreement or any other agreement, and (c) the payment and performance of all debts, liabilities, and obligations of [the Borrowers] of every kind and character, whether now existing or hereafter arising, to each of [Plaintiff]'s Affiliates ("Liabilities").

*Id.* at 3. The Agreements stated that if Borrowers defaulted, or "fail[ed] to pay when due any amount owed by [them] to [Plaintiff]":

> [Plaintiff could], at its option, with or without notice to [the Borrowers] . . . declare [the Agreement] in default, . . . declare the indebtedness . . . to be immediately due and payable, . . . declare all other debts then owing by [the Borrowers] to [Plaintiff] to be due and payable, and . . . require [the Borrower] to assemble the Equipment and deliver it to [Plaintiff].

*Id.* at 4. The Agreements further stipulated that the Borrowers were obligated to pay interest on all unpaid amounts at the rate of 1.5% per month, or the maximum rate not prohibited by law, as well as any late charges, other fees due under the Agreement, any attorneys' fees and costs incurred by Plaintiff in the enforcement of its rights under the contract, and any expenses of retaking, holding, preparing for sale, and selling the secured Equipment financed through the Agreements. *Id.* at 2-4. The Agreements contained a choice-of-law provision stating that the Agreements, and any conflicts arising from the Agreements, are governed by Illinois state law. *Id.* at 5.

In addition to signing the Agreements as the sole member of the Borrower LLCs, Defendant Twardawa separately signed "Continuing Guarant[ies]" in her personal capacity for each Agreement, promising that the Borrowers would "promptly and fully perform, pay and discharge all of [their] present and future liabilities, obligation, and indebtedness" related to the Agreements and "agree[ing] to pay on demand the entire indebtedness and

---

[2] Except for the Equipment named in each Agreement, the Agreements are substantively identical, with the information relevant to Plaintiff's motions appearing on the same page on each. As such, the Court will group the exhibits when citing to the record.

2

all losses, costs, attorneys' fees and expenses which may be suffered by [Plaintiff] by reason of [the Borrower's] default." Docs. [1-6], [1-7].

From March 1st to April 1st of 2024, Angie's Transportation, STL Equipment Leasing, and Twardawa failed to make payments on three of the four Agreements. Doc. [25] ¶ 19. Plaintiff elected to accelerate the amounts due and owing under all four Agreements as of August 23, 2024. *Id.* ¶ 21. Plaintiff notified the Borrowers and Twardawa of their default under the Agreements and Guaranties, demanding that the Defendants pay the amounts due under the Agreements and Guaranties and surrender possession of the secured Equipment. *Id.* ¶ 29. Defendants did not comply with Plaintiff's demand, despite Plaintiff's performance of any and all conditions required of it under the Agreements and Guaranties. *Id.* ¶¶ 30-31. In total, as of March 19, 2025, $255,916.17, not including attorneys' fees and expenses or further costs of collection, was due and payable under the Guaranties, with default interest accruing on the principal amount at a rate of $109.16 per day. The total damages calculated under the Guaranties is equal to the combined calculated damages under the Agreements. *Id.* ¶¶ 32-38. Plaintiff's counsel submitted a sworn declaration, with accompanying billing chart, indicating that Plaintiff had accumulated $21,806.50 in attorneys' fees and costs. *Id.* ¶¶ 39-40.

On March 21, 2025, Plaintiff moved for summary judgment on Count III (against Twardawa) for breach of the guaranty contracts. Doc. [23]. Twardawa did not respond. In May 2025, Plaintiff moved for preliminary injunction and an order of replevin, requesting that the Court enjoin Defendants from using the secured Equipment and to require the Defendants to surrender possession of it. Doc. [28]. Defendants did not respond.

LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, a court must grant summary judgment if it finds, based on the factual record, that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Material facts are those that "might affect the outcome of the suit under the governing law," and there is a genuine dispute where "a reasonable jury could

3

return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323 (quotation marks omitted). The burden then shifts to the non-movant to "present specific evidence, beyond 'mere denials or allegations [that] . . . raise a genuine issue for trial.'" *Farver v. McCarthy*, 931 F.3d 808, 811 (8th Cir. 2019) (alteration in original) (quoting *Wingate v. Gage Cnty. Sch. Dist.*, 528 F.3d 1074, 1079 (8th Cir. 2008)). "A party asserting that a fact . . . is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "If a party fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion[.]" FED. R. CIV. P. 56(e)(2).

"[T]he basis for injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies." *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506-07 (1959). A district court has broad discretion when ruling on a request for injunction. *Novus Franchising, Inc. v. Dawson*, 725 F.3d 885, 893 (8th Cir. 2013). In determining whether a preliminary injunction should be issued, a district court must consider: (1) the threat of irreparable harm to the movant, (2) the balance between the threatened harm to the moving party and the harm to the other party if the injunction is granted, (3) the probability of movant's success on the merits, and (4) the public interest. *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). In order to succeed on a replevin claim, Plaintiff must prove that (1) it owned the property or was entitled to possess it; (2) Defendants took possession of the property with the intent to exercise some control over it; and (3) Defendants, by exercising unauthorized control over the property,

4

deprived Plaintiff of its right to possession.  *Patterson v. Rough Road Rescue, Inc.*, 529 S.W.3d 887, 893 (Mo. Ct. App. 2017).

**DISCUSSION**

As set forth below, Plaintiff is entitled to summary judgment as to Count III against Twardawa but Plaintiff's requests for injunctive relief and an order of replevin are improper and are thus denied.

**I.        Summary judgment is granted as to Count III.**

In light of Defendant Twardawa's failure to oppose Plaintiff's motion, the undisputed record establishes that Twardawa breached the Guaranties by failing to pay the full remaining value of the accelerated Agreements following the Borrowers' default.  *See Satcher v. Univ. of Arkansas at Pine Bluff Bd. Of Trs.*, 558 F.3d 731, 735 (8th Cir. 2009) ("failure to oppose a basis for summary judgment constitutes waiver of that argument").

As an initial matter, Missouri generally enforces contractual choice-of-law provisions.  *Stone v. Crown Diversified Indus. Corp.*, 9 S.W.3d 659, 666 (Mo. Ct. App. 1999); *Sturgeon v. Allied Pro. Ins. Co.*, 344 S.W.3d 205, 210 (Mo. Ct. App. 2011); *see also Davis v. Citibank, N.A.*, 2015 WL 928117, at *2 (E.D. Mo. 2015) (applying parties' choice-of-law provision under Missouri law because resolution of the claim was "integrally related to interpretation of the contract").  It is uncontested that Plaintiff and the Borrowers, represented by their sole member Twardawa, included a choice-of-law provision in the Agreements selecting Illinois law.

Under Illinois law, the elements for a breach of contract claim are:  "(1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages."  *W.W. Vincent & Co. v. First Colony Life Ins. Co.*, 351 Ill. App. 3d 752 (2004); *accord Henderson-Smith & Assocs. Inc. v. Nahamani Fam. Serv. Ctr., Inc.*, 323 Ill. App. 3d 15, 27 (2001).  Given Defendant's lack of response, the following facts are uncontested:  Both the Borrowers and Twardawa entered into the Agreements and the Guaranties with Plaintiff, and those contracts are valid and enforceable.  Docs. [1-1], [1-2], [1-3], [1-4], [1-6], [25] ¶¶ 10-15.  Defendants breached those contracts through non-payment, Docs. [25] ¶¶ 16-30, [25-1] ¶¶ 20-34, and Plaintiff "performed any and all conditions and obligations required of it" under the contracts, Docs. [25] ¶ 31, [25-1] ¶ 35.  Plaintiff suffered a total of $255,916.17 in damages under the

5

Guaranties as of March 19, 2025, with default interest accruing at a rate of $109.16 per day, an amount equal to the total damages under the Agreements.  Docs. [25] ¶¶ 32-38, [25-1] ¶¶ 36-43.  Lastly, Plaintiff incurred $21,806.50 in legal fees and costs as of February 28, 2025, and the payment of those fees is required under both the Agreements and Guaranties.  Docs. [25] ¶¶ 26, 28, 39-40; [25-1] ¶¶ 44-45; [25-2] ¶¶ 11-12.  Because Plaintiff has pointed to evidence in the record supporting judgment as a matter of law, and Defendant has failed to point to a genuine dispute of material fact in response, the Court grants summary judgment for Plaintiff on Count III.

II.     **Plaintiff's Motion for Preliminary Injunction and Order of Replevin is denied.**

Plaintiff has also requested that the Court issue an order enjoining Defendants from further utilizing the secured Equipment and an order of replevin, pursuant to Missouri Revised Statute § 533.030, requiring that Defendant surrender the Equipment to Plaintiff. Doc. [28].  That request is barred by the election of remedies doctrine under Missouri and Illinois state law.  *See Whittom v. Alexander-Richardson P'ship*, 851 S.W.2d 504, 506-07 (Mo. Banc 1993); *Altom v. Hawes*, 63 Ill. App. 3d 659, 663 (Ill. App. Ct. 1978); *see also Ronnoco Coffee, LLC v. Westfeldt Bros., Inc.*, 939 F.3d 914, 920 (8th Cir. 2019) (court should avoid choice-of-law question where the application of the laws of two jurisdictions would produce the same result).

"The election of remedies doctrine, a doctrine of estoppel, originates upon the theory that 'where a party has a right to pursue one of two inconsistent remedies and he makes his election, institutes suit, and prosecutes it to final judgment, he cannot thereafter pursue another and inconsistent remedy.'"  *Whittom*, 851 S.W.2d at 506 (quoting *Tooker, et al., v. Missouri Power & Light Co.*, 80 S.W.2d 691, 695 (Mo. 1935), *overruled on other grounds by Ballenger v. Windes*, 93 S.W.2d 882, 884 (Mo. 1936)).  "The purpose of the election of remedies doctrine is to prevent double recovery for a single injury."  *Id.* (citing *Perez v. Boatmen's Nat'l Bank of St. Louis*, 788 S.W.2d 296, 300 (Mo. Ct. App. 1990); *see also Altom*, 63 Ill. App. 3d at 663 (election of remedies doctrine is applicable where "double compensation of the plaintiff is threatened").

By *both* pursuing monetary damages for breach of the Guaranties *and* demanding that Defendants turn over the secured Equipment, Plaintiff is asking for a double recovery. The Agreements give Plaintiff rights to the Equipment only in the event that the Borrowers

6

default.  Because Plaintiff's motion for summary judgment requesting monetary damages for breach of contract is granted, any recovery in replevin would be duplicative and is thus barred.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment, Doc. [23], is **GRANTED** against Defendant Twardawa on Count III, and Plaintiff BMO Bank N.A. is entitled to recover from Defendant Twardawa the sum of $255,916.17 with interest accruing at a rate of $109.16 per day beginning March 19, 2025.

**IT IS FURTHER ORDERED** that Plaintiff's Renewed Motion for Preliminary Injunction and an Order of Replevin is **DENIED.**

Dated this 24th day of March, 2026.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

7